IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO: 5:15 cv 624-FL

| | |
|---|---|
| VELOCITEL, INC, d/b/a FDH VELOCITEL,<br><br>    Plaintiff,<br><br>vs.<br><br>CORBIN HARDY, WAVE INSPECTION TECHNOLOGIES, INC. and SHANE BOONE, PH.D.,<br><br>    Defendants. | **AMENDED STIPULATED PROTECTIVE ORDER GOVERNING DISCLOSURE OF CONFIDENTIAL AND/OR PROPRIETARY INFORMATION** |

This Amended Stipulated Protective Order is made and entered into by and between Plaintiff VELOCITEL, INC. d/b/a FDH VELOCITEL ("Plaintiff") and Defendant Shane Boone, Ph.D. ("Defendant") by and through their respective counsel of record.

1. As used in this Order, the following words and phrases shall have the following meanings:

    a. "**Party**" or "**Parties**" mean any or all parties to this action, any signatories to this Order, their employees, agents and representatives.

    b. "**Document**" shall be construed in its broadest sense and shall include but not be limited to every original (and every copy of any original or copy which differs in any way from any original) of any written, printed, typed, recorded, photographic, transcribed, or graphic or digital matter however produced or reproduced, including film impressions, magnetic tape, sound or mechanical reproductions, audiotapes, videotapes and/or any information contained within computer hard

drives, storage discs, or any other means of storage or maintenance of electronic media.

    c. **"Confidential Material"** means all documents, or portions of documents, as well as any copies, summaries, abstracts, testimony, electronically stored information, or any other items, derived from or containing information which a Party in good faith believes reveals confidential business or personal information of a sensitive nature that the Party designates as "CONFIDENTIAL" in accordance with this Order.

2. The nature of the disputes in this action are such that confidential and/or proprietary information, including but not limited to documents, electronically stored information and other materials concerning the business or personal affairs of the Parties is likely to be the subject of discovery.

3. During the pendency of this action, unless otherwise ordered by the Court, the following procedures shall govern the discovery and exchange of documents and information in the above-captioned action:

    a. Documents and other material claimed to be Confidential Material shall, prior to production, be marked by the producing party as "CONFIDENTIAL" or by otherwise notifying counsel of this designation in writing. Copies, extracts, summaries, notes, and other derivatives of Confidential Material also shall be deemed Confidential Material and shall be subject to the provisions of this Order.

    b. Stamping, printing or writing "CONFIDENTIAL" on the cover or first page of any multi-page document shall designate all pages of the document, unless otherwise specifically indicated by the producing party.

    c.      Documents and other material produced that are not identified as "CONFIDENTIAL" at the time of production by the producing Party may thereafter be identified as such by the producing Party, or by the Party or Parties receiving the production of such documents or material, by written notice served on each Party. Each Party who receives such written notice shall endeavor to retrieve any Confidential Material that may have been disseminated, shall affix the appropriate designation to it, shall notify all persons to whom such Confidential Material was disseminated of the restrictions on the use and dissemination of such information, and shall thereafter distribute it only as allowed by this Order; however no distribution prior to the receipt of such written notice shall be deemed a violation of this Agreement.

4. The Parties also agree that the responding Party may designate as "ATTORNEYS' EYES ONLY" any information or material that is extremely sensitive and/or highly confidential, the disclosure of which would create a substantial risk of injury to the proprietary, business, competitive, security, and/or privacy interests of the Parties and/or nonparties, which injury could not be avoided by less restrictive means.

5. The Parties further agree that this Amended Stipulated Protective Order may be applicable to documents and testimony provided by any non-party from whom discovery is sought in this action. Such non-party may obtain the protections of the Amended Stipulated Protective Order by giving written notice to the Parties that its production of documents or testimony as applicable is being designated CONFIDENTIAL or ATTORNEY'S EYES ONLY. The non-party may itself stamp or otherwise mark documents with the legend "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" in

a manner that will not interfere with their legibility and that does not cover any text or content of a document, or may request either Party to do so on their behalf. To the extent the non-party does not mark the documents with either legend, and a Party determines that such documents should be designated as either CONFIDENTIAL or ATTORNEYS EYES ONLY, any Party in the case may designate the documents produced by the non-party as CONFIDENTIAL or ATTORNEYS EYES ONLY within twenty-one (21) days of their production, or the Party's receipt of such documents, whichever is later.

6. Material in any form designated as CONFIDENTIAL or ATTORNEYS EYES ONLY may only be used by the non-designating Party for purposes of this litigation and shall not be used for any other purpose or disclosed to any other person or entity except as specifically provided herein. Except for use by counsel for the Parties hereto in the course of this litigation, no person granted access to Confidential Material and/or Attorneys Eyes Only material shall make any copies, reproductions, transcripts, transmissions or facsimiles of the same or any portion thereof. Specifically, such information shall not be used, attempted to be used, or disclosed for any business purpose in competition with or adverse to the Party to whom the information belongs.

7. Unless otherwise ordered by the Court or permitted in writing by the designating Party:

   a. material designated as CONFIDENTIAL shall only be revealed to: i) the Parties to this Action; ii) Counsel for the Parties and their staff; iii) the Court and Court staff; and iv) Employees of a Party or Deponents/witnesses designated by a Party, including external retained experts, provided such person has been determined by counsel for the Party providing access to the material to be

necessary to review such information for purposes of this litigation, a record is kept by counsel indicating to whom such information has been revealed, and the person to whom such information is revealed signs a Non-Disclosure Agreement in the form attached hereto, stating that they have read this Consent Order and agree to be bound by its terms.

    b.    material designated "ATTORNEYS' EYES ONLY" may only be viewed and inspected by: (i) counsel of record and their staff; (ii) in house counsel for the corporate Parties provided that in house counsel maintains the material on a separate server or external hard-drive that cannot be accessed by any officer, employee or any other person affiliated with the non-disclosing party and does not otherwise share the material with any of the foregoing; (iii) external retained experts, provided such person has been determined by counsel for the Party providing access to the material to be necessary to review such information for purposes of this litigation, a record is kept by counsel indicating to whom such information has been revealed, and the person to whom such information is revealed signs a Non-Disclosure Agreement in the form attached hereto, stating that they have read this Consent Order and agree to be bound by its terms; and (iv) the Court and its staff. Counsel shall retain each such signed Non-Disclosure Agreement and shall produce a copy to opposing counsel upon request.

8. If at any time a Party objects to the designation of a document or information as CONFIDENTIAL or ATTORNEYS EYES ONLY, the objecting party shall notify the designating party in writing. The objecting Party shall identify the information or

document in question, and shall specify in reasonable detail the reason or reasons for the objection. If the Parties cannot resolve their differences, either Party may apply to the Court for a ruling. The CONFIDENTIAL and/or ATTORNEYS EYES ONLY designation shall be maintained until the Court rules otherwise.

9. The Parties agree for purposes of this Order that an inadvertent disclosure of CONFIDENTIAL, ATTORNEYS EYES ONLY, privileged or trial-preparation materials (absent a clear indication of the intent to waive such privilege or protection), including but not limited to metadata and other such information, shall not be deemed a waiver or forfeiture of such privilege or protection provided that the party making the production or disclosure promptly identifies any such documents and/or metadata mistakenly produced after discovery of the inadvertent production. The Parties further agree that, upon request, any such mistakenly-produced documents/metadata shall be returned. In the event of a dispute over use of any privileged materials, the receiving Party must sequester or destroy all copies, and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

10. Except for use by counsel for the Parties hereto in the course of this litigation, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Material shall make any copies, reproductions, transcripts, or facsimiles of the same or any portion thereof.

11. A designation of CONFIDENTIAL or ATTORNEYS EYES ONLY shall not preclude the use of such information in any hearing or Court proceeding, provided such documents are filed under seal in accordance with the Rules of this Court. Any Party

seeking to file documents or information under seal shall comply with those requirements set forth by the Fourth Circuit Court of Appeals. <u>See</u>, <u>e.g.</u>, <u>Ashcraft v. Conoco, Inc.</u>, 218 F.3d 288, 302 (4th Cir. 2000).

12. The Parties reserve the right to seek guidance from the Court regarding the specification of appropriate safeguards concerning evidence at trial or may do so by later agreement at or before trial.

13. After the final termination of this litigation by judgment, appeal, settlement, or otherwise, all information produced in discovery and all excerpts and copies thereof which were marked "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" shall be returned to the producing Party or destroyed by the receiving Party except that counsel of record may retain one copy of such information and may retain their respective work product that contains Confidential Material, provided that Confidential Material shall not be disclosed or used for any purpose except as may be required by subpoena or court order, in which case the attorney required to disclose such information shall promptly provide the designating Party with written notice of the demand for disclosure and shall refrain from disclosing such information for a period of no less than ten (10) days from issuance of such subpoena or court order, or such shorter period as specified in a court order, to enable the designating Party to seek relief from the appropriate court.

14. Neither the termination of this action nor the termination of the employment, engagement, or agency of any person who had access to any Confidential Material shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on the use of any Confidential Material disclosed pursuant to this Agreement.

15. The restrictions set forth in this Agreement shall not apply to information that:

a. is in the public domain at the time of disclosure as evidenced by a written document,

b. becomes part of the public domain, other than through violation of this Order, or

c. can be shown by the receiving Party to have been lawfully in its possession at the time of the disclosure as evidenced by a written document.

16. Nothing in this Order or done by the Parties pursuant to this Order shall constitute an admission by any Party, or shall be used as evidence in any subsequent proceeding, that information designated as Confidential Material actually is Confidential Material and nothing herein shall preclude the Parties from raising any available objection, or seeking any available protection, including but not limited to the grounds of the admissibility, materiality, trial preparation materials, and privilege.

17. The Parties agree that no failure or delay in exercising any right, power or privilege granted in this Order shall operate as a waiver of any such right, power or privilege granted in this Order.

18. The Parties stipulate and agree that this Order shall be effective once entered, and retroactive to the date it was agreed by counsel.

19. This Order may be modified only by further Order.

IT IS SO ORDERED this __9th__ day of August, 2017.

                                                                                 LOUISE W. FLANAGAN
                                                                                 United States District Judge

**AGREED:**

_/s/ Lora A. Brzezynski_                                _/s/ Charles E. Raynal_

| | |
|---|---|
| Lora A. Brzezynski.<br>Claire M. Maddox<br>Dentons US LLP<br>1900 K Street, NW<br>Washington, DC 20006<br>lora.brzezynski@dentons.com<br>claire.maddox@dentons.com<br>*Attorneys for Defendant* | Charles E. Raynal, IV<br>Parker Poe Adams & Bernstein LLP<br>PNC Plaza<br>301 Fayetteville Street, Suite 1400<br>Raleigh, NC 27601<br>charlesraynal@parkerpoe.com<br>*Attorneys for Defendant* |

*/s/ M. Robin Davis*
M. ROBIN DAVIS
N. C. State Bar No. 21655
JASON V. FEDERMACK
N. C. State Bar No. 46014
*Attorneys for Plaintiff*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6460
Facsimile: (919) 760-6461
E-Mail: robin.davis@jacksonlewis.com
Email: jason.federmack@jacksonlewis.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO: 5:15-cv-624-FL

| | |
|---|---|
| VELOCITEL, INC. d/b/a FDH VELOCITEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CORBIN HARDY, WAVE INSPECTION TECHNOLOGIES, INC., &  SHANE BOONE, PH.D,<br><br>　　　　Defendants. | **NON-DISCLOSURE AGREEMENT** |

I, _____ , acknowledge that I have read and understand the Consent Order in the above captioned matter (the "Litigation") governing the non-disclosure of those portions of discovery material that have been designated as Confidential and/or Attorneys Eyes Only ("Materials"). I understand that my review of these Materials has been determined by the attorney for the Plaintiff/Defendants (circle one) to be necessary for purposes of this Litigation. I expressly agree that I will not disclose such Materials to anyone other than those persons expressly permitted under the Consent Order, and only for purposes of this Litigation. I further agree that at the conclusion of the Litigation, I will return all such Materials to the attorney from whom I received it. By acknowledging these obligations under the Consent Order, I understand that I am bound by the Consent Order for the purpose of any issue or dispute arising hereunder and that my violation of any term of the Consent Order could subject me to civil liability.

DATE: _____　　　　　_____

　　　　　　　　　　Printed Name: _____

104499929\V-1

10